IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS,

                                                                                                            ORDER

                   Plaintiff,

                                                                                          15-cv-387-bbc

     v.

WILLIAM BORGEN and
SANDRA DEMARS,

                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        In this civil action, pro se plaintiff John Kuslits, who is a prisoner at the Stanley Correctional Institution, alleges that defendants William Borgen and Sandra DeMars administered his pre-surgery and post-surgery medicine incorrectly, causing him pain and injury. Defendants removed this case from the Circuit Court for Dane County, Wisconsin, on the basis of federal question jurisdiction under 28 U.S.C. § 1441(a) and supplemental jurisdiction under 28 U.S.C. § 1367.

        Plaintiff argues that removal of this case under § 1441(a) was improper because his complaint did not set forth a claim under federal law. Dkt. #3. "[T]he existence of a federal question must appear on the face of the plaintiff's complaint." People of State of Illinois v. Kerr-McGee Chemical Corp., 677 F.2d 571, 575 (7th Cir. 1982). However, the first sentence from plaintiff's complaint states that he "request[s] this honorable court to grant this civil suit under 42 U.S.C. § 1983." Dkt. #1, exh. #2. Section 1983 is the federal

1

statute that provides citizens a mechanism for suing state actors whose violations of the United States Constitution or federal laws cause them injury.  Civil actions under § 1983 for improper medical care of a prisoner are generally claims under the Eighth Amendment's prohibition on cruel and unusual punishment.  Because plaintiff sets forth his complaint as one brought under § 1983 and his allegations involve claims that defendants failed to administer proper healthcare, I conclude that federal claims exist on the face of plaintiff's complaint.  Kerr-McGee Chemical Corp., 677 F.2d at 575.  Accordingly, removal was proper under 28 U.S.C. § 1441.

Nevertheless, remand may be appropriate if the circumstances of the case have changed since removal.  For example, remand is often appropriate "[w]hen the federal claim in a case drops out before trial" because in those instances, "the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008).  Plaintiff says he wants the case remanded because he believes that he cannot pursue his negligence claims at the same time that he pursues any Eighth Amendment claims. Dkt. #3.  Further, he argues that defendants are attempting to force him to litigate this case under the "deliberate indifference" standard rather than the negligence standard.  Because plaintiff says he does not wish to pursue deliberate indifference claims and because defendants have not answered his complaint or filed a motion for summary judgment, plaintiff's objection to removal may be construed as a dismissal of his federal claims under Fed. R. Civ. P. 41(a)(1)(A)(i), which he may do without leave of court.

However, plaintiff's reasons for not wanting to pursue federal claims are based on a misunderstanding of the law. He believes that he cannot pursue both deliberate indifference and negligence claims in the same lawsuit, but he is incorrect. Although the deliberate indifference standard is more difficult to meet than the negligence standard, both sets of claims may be pursued together. So long as both the federal and state claims arise from the same set of facts, as appears to be true in this case, the court may exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367. ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). In other words, simply because plaintiff is in federal court it does not follow that he cannot pursue state law negligence claims. Nevertheless, plaintiff is the master of his complaint and he may dismiss claims he does not wish to pursue. Kerr-McGee Chemical Corp., 677 F.2d at 575 ("A plaintiff who has both federal and state causes of action may choose to ignore the federal claims and pursue only the state claims in state court.").

Accordingly, I will ask plaintiff to explain in writing whether he wishes to pursue both his federal and state law claims or whether he wishes to dismiss his federal claims under Fed. R. Civ. P. 41(a)(1)(A)(i). If he fails to respond by the date set forth in the order, I will construe his objection to removal, dkt. #3, as a dismissal of his federal claims and remand the case to the Circuit Court for Dane County.

3

Finally, plaintiff asks the court to sanction defendants for "illegally transfer[r]ing" this case to federal court. Dkt. #3, at 2. Because I conclude that removal was proper, plaintiff's motion for sanctions will be denied.

ORDER

IT IS ORDERED that

1. Plaintiff John Kuslits's motion for sanctions, dkt. #3, is DENIED.

2. Plaintiff may have until July 24, 2015 to explain to the court in writing whether he wishes to dismiss or pursue federal claims arising under 42 U.S.C. § 1983 against defendants William Borgen and Sandra DeMars. If plaintiff fails to respond by that date, his federal claims will be dismissed under Fed. R. Civ. P. 41(a)(1)(A)(i) and his case will be remanded to the Circuit Court for Dane County, Wisconsin.

Entered this 10th day of July, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge