IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN KUSLITS,

                                               ORDER

                  Plaintiff,

                                             15-cv-387-bbc

    v.

WILLIAM BORGEN and
SANDRA DEMARS,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff John Kuslits filed this suit in the Circuit Court for Dane County, contending that defendants William Borgen and Sandra Demars had administered his pre-surgery and post-surgery medicine incorrectly. Defendants removed this case from the Dane County court, contending that federal jurisdiction existed because plaintiff was suing under 42 U.S.C. § 1983. Plaintiff objected to removal, denying that he had raised any federal claims and objecting to what he said were defendants' efforts to force him to litigate this case under a "deliberate indifference" standard *instead of* a negligence standard. In an order dated July 10, 2015, I concluded that plaintiff had in fact raised federal claims, making defendants' removal proper, dkt. #5, but I explained to plaintiff that although he could pursue medical care claims under both the deliberate indifference and negligence standards in federal district court, he was free to dismiss his federal claims because defendants had not yet answered or filed a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). I instructed plaintiff

1

that dismissing his federal claims would result in remand to state court and I gave him until July 24, 2015 to explain to the court in writing whether he wished to proceed on his federal claims. Id.

On July 16, 2015, plaintiff filed a "motion to dismiss federal claim and request to send back to the state court." Dkt. #6. Plaintiff says that "[e]ven though this Court could rule on the State law claim of negligence it would seem as though instead of arguing two issue[]s i.e. deliberate indifference, and negligence . . . [,] [t]hat proving straight negligence is the best way to proceed against both defendants." Id.

Plaintiff is the master of his complaint and it is clear he wishes to proceed on state law claims alone. Fed. R. Civ. P. 41(a)(1)(A)(i); Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000) ("[P]laintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum."). I conclude therefore that plaintiff has dismissed federal claims under Fed. R. Civ. P. 41(a)(1)(A)(i) and I will remand the case to the Circuit Court for Dane County. Leister v. Dovetail, Inc., 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts.").

ORDER

Plaintiff John Kuslits's motion, dkt. #6, to dismiss his federal claims is GRANTED and this case is REMANDED to the Circuit Court for Dane County, Wisconsin. The clerk

of court is directed to return the record to the state court.

    Entered this 22d day of July, 2015.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge